**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

GREGORY SHARPE,

    Plaintiff,

v.                                                            Civil No. 06-11772

COMMISSIONER OF                              DISTRICT JUDGE THOMAS L. LUDINGTON
SOCIAL SECURITY,                               MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**


**I.     RECOMMENDATION**

In light of the entire record in this case, I suggest that the case should be remanded so the ALJ may consider the effect of the nonexertional limitations on Plaintiff's ability to perform the full range of sedentary work as contemplated in Medical-Vocational Rule 201.21.  Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, and that DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED WITHOUT PREJUDICE to their seeking relief after remand.


**II.     REPORT**

    **A.     Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the

Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on cross motions for summary judgment. (Dkt. 11, 12.)

Plaintiff was 48 years of age at the time of the most recent administrative hearing[1] and has completed a high school education. (Tr. at 18.) Plaintiff's relevant work history included industrial truck operator. (*Id.*)

Plaintiff filed the instant claim on May 4, 2004, alleging that he became unable to work on December 18, 2003. (Tr. at 50.) The claim was denied initially and upon reconsideration. (Tr. at 11-20, 2-4.) In denying Plaintiff's claim, the Defendant Commissioner considered degenerative joint disease and obesity as possible bases of disability. (Tr. at 19.)

On August 24, 2004, Plaintiff appeared with counsel, Mike Lupisella, before Administrative Law Judge Bernard A. Trembly ("ALJ"), who considered the case *de novo*. In a decision dated August 20, 2005, the ALJ found that Plaintiff was not disabled. (Tr. at 20.) Plaintiff requested a review of this decision on September 8, 2005. (Tr. at 9.)

The ALJ's decision became the final decision of the Commissioner on March 29, 2006, when the Appeals Council denied Plaintiff's request for review. (Tr. at 2-4.) On April 13, 2006, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

**B.    Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r*

---

[1] At the time of the decision of the ALJ, Plaintiff had recently turned 49 years of age.

*of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir.1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human*

*Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

### C. Governing Law

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A claimant must meet all five parts of the test set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits from Social Security. The test is as follows:

Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.

Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.

Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.

Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the

burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

### D.     ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since December 18, 2003. (Tr. at 19.) At step two, the ALJ found that Plaintiff's degenerative joint disease and obesity were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (*Id.*) At step four, the ALJ found that Plaintiff could not perform his previous work as an industrial truck driver. (*Id.*) At step five, the ALJ denied Plaintiff benefits after applying Medical-Vocational Rule 201.21 based on Plaintiff's exertional capacity for sedentary work, age, education, and work experience. (Tr. at 20.)

### E.     Analysis and Conclusions

#### 1.     Legal Standards

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of sedentary work. (Tr. at 19.)

> Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a) (1991). Social Security Ruling ("SSR") 83-10 clarifies this definition and provides that:

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of

an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

### 2.     Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

In the instant case, Plaintiff argues that substantial evidence fails to support the ALJ's application of Medical -Vocational Rule ("MVR") 201.21 which resulted in a finding of "not disabled." (Pl. MSJ, Dkt. 11 at 6.) Specifically, Plaintiff objects to application of MVR 201.21 because that rule is only applicable where there are no nonexertional limitations and the instant Plaintiff is affected by nonexertional limitations. (Pl. MSJ, Dkt. 11 at 7.) Plaintiff contends the ALJ erroneously equated the ability to perform sedentary work with "no nonexertional limitations." (*Id.*)

MVR 201.21 applies to "younger individual[s] age 45-49" who are high school graduates and whose "skilled or semiskilled skills [are] not transferable." 20 C.F.R. 404, subpart P, Appendix 2, Table 1. If MVR 201.21 applies, the result is an automatic conclusion that the

7

claimant is "not disabled." (*Id.*) Under the applicable regulations, exertional and nonexertional limitations are distinguished:

> The classification of a limitation as exertional is related to the United States Department of Labor's classification of jobs by various exertional levels (sedentary, light, medium, heavy, and very heavy) in terms of the strength demands for sitting, standing, walking, lifting, carrying, pushing, and pulling....Limitations or restrictions which affect your ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling, are considered ....(c) **Nonexertional limitations**. (1) When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect only your ability to meet the demands of jobs other than the strength demands, we consider that you have only nonexertional limitations or restrictions. Some **examples of nonexertional limitations** or restrictions include the following: (i) You have difficulty functioning because you are nervous, anxious, or depressed; (ii) You have difficulty maintaining attention or concentrating; (iii) You have difficulty understanding or remembering detailed instructions; (iv) You have difficulty in seeing or hearing; (v) You have difficulty tolerating some physical feature(s) of certain work settings, e.g., you cannot tolerate dust or fumes; or (vi) You have difficulty performing the manipulative or postural functions of some work such as reaching, handling, **stooping, climbing, crawling, or crouching**....(d) **Combined exertional and nonexertional limitations**. When the limitations and restrictions imposed by your impairment(s) and related symptoms, such as pain, affect your ability to meet both the strength and demands of jobs other than the strength demands, we consider that you have a combination of exertional and nonexertional limitations or restrictions. If your impairment(s) and related symptoms, such as pain, affect your ability to meet both the strength and demands of jobs other than the strength demands, we will not directly apply the rules in appendix 2 unless there is a rule that directs a conclusion that you are disabled based upon your strength limitations; otherwise the rules provide a framework to guide our decision.

20 C.F.R. 404.1659a (emphasis supplied).

Therefore, the MVRs, such as 201.21, do not apply directly to situations where the claimant suffers from not only exertional but also nonexertional limitations. Instead, when nonexertional limitations are present, the MVRs provide a "framework to guide" the agency's decision.

Social Security Ruling (SSR) 96-9P, 1996 WL 374185 (S.S.A.), July 2, 1996, also directs that the MVRs do not apply when nonexertional impairments affect the claimant's ability to perform the applicable level of work:

> The rules in Table No. 1 direct conclusions as to disability where the findings of fact coincide with all of the criteria of a particular rule, i.e., FRC (a maximum sustained work capability for sedentary work) and the vocational factors of age, education, and work experience. In order for a rule in Table No. 1 to direct a conclusion of 'not disabled,' the individual must be able to perform substantially all of the strength demands defining the sedentary level of exertion, as well as the physical and mental nonexertional demands that are also required for the performance of substantially all of the unskilled work considered at the sedentary level. Therefore, in order for a rule to direct a conclusion of 'not disabled,' an individual must also have no impairment that restricts the nonexertional capabilities to a level below those needed to perform unskilled work, in this case, at the sedentary level.

(*Id.*)

The DDS examiner noted that Plaintiff's postural ability to climb, stoop, kneel, crouch, and crawl was limited "occasionally," and that his ability to balance was limited "frequently." (Tr. at 168.) Occasional limitations are those that occur at least 1/3 of the time and frequent limitations are those that occur at least 2/3 of the time. *(Id.)* In addition, in December, 2004, Plaintiff's treating physical therapist noted numbness and tingling in one of Plaintiff's posterior thighs, pain with palpation along the sciatic nerve, pain with manual muscle testing and positive straight leg raising test for the left legs. (Tr. at 179.) These findings, I suggest corroborate the limitations found by the DDS examiner.

Since the "Social Security Act requires an individualized determination regarding disability," the Supreme Court has permitted reliance on the grids to determine whether jobs exist in the national economy for claimants that have solely exertional limitations because "the agency had promulgated valid regulations identifying these jobs and the availability of jobs was an issue that did not require case-by-case determination." *Sykes v. Apfel*, 228 F.2d 259, 269 (3rd Cir. 2000). "The regulations do not purport to establish jobs that exist in the national economy at the various functional levels when a claimant has a nonexertional impairment (or does not meet the criteria of the rule for other reasons)" because "the only facts established in the grids are of

9

unskilled jobs in the national economy for claimants with exertional impairments who fit the requirements of the rule at the various functional levels." *Id.* The Third Circuit has noted that grids have not been developed to address the number of jobs available to claimants that suffer from a combination of impairments:

> Like the availability of jobs for claimants with exertional impairments, the availability of jobs for claimants with exertional and nonexertional impairments may well be an issue that does not require case-by-case determination and may be fairly resolved through rulemaking. But the Social Security Administration has not promulgated regulations identifying jobs in the national economy for claimants with combined exertional and nonexertional limitations or identifying nonexertional impairments that are significant enough to diminish a claimant's occupation base considering his exertional impairment alone. *Campbell,*[2] by force of implication, requires such a regulation (or similar procedure establishing general facts) in order to direct a determination of disability without reference to individualized evidence that there are jobs in the national economy that the claimant can perform. Until the government takes steps to establish such general facts for claimants with exertional and nonexertional impairments, the government cannot satisfy its burden under the Act by reference to the grids alone.

*Sykes*, 228 F.3d at 269-270 (internal citations omitted)(footnote supplied).

Following the discussion outlined in *Sykes*, the Third,[3] Eleventh, and Second Circuits require some additional evidence to determine whether the nonexertional impairment "significantly" diminishes the claimant's residual functional capacity. *Sykes, supra*; *Francis v. Heckler*, 749 F.2d 1562 (11th Cir. 1985); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999), quoting *Bapp v. Bowen*, 802 F.2d 601, 604-05 (2d Cir. 1986). The Second Circuit has defined "significantly diminish" as "the additional loss of work capacity beyond a negligible one or, in

---

[2]*Heckler v. Campbell*, 461 U.S. 458, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983).

[3]"The Fifth Circuit has not weighed in specifically on whether, when, or how the framework concept is acceptable as an exclusive basis for decision making. However, the Fifth Circuit clearly leans toward the Third Circuit's approach." *Allsbury v. Barnhart*, No. 05-CV-280, 2006 WL 2848124 (E.D.Tex. July 13, 2006).

other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Bapp*, 802 F.2d at 605-06 (internal citations omitted).[4]

The Social Security Administration promulgated Acquiescence Ruling ("AR") 01-1(3)[5] wherein the Third Circuit's approach was accepted by the Administration within the jurisdiction of the Third Circuit. AR 01-1(3) summarizes that, within the Third Circuit, "[b]efore denying disability benefits at step five when a claimant has a nonexertional limitation(s), we must: (1) take or produce vocational evidence such as from a vocational expert, the DOT or other similar evidence (such as a learned treatise); or (2) provide notice that we intend to take or are taking administrative notice of the fact that the particular nonexertional limitation(s) does not significantly erode the occupational job base, and allow the claimant the opportunity to respond before we deny the claim." *Id.*

Although AR 01-1(3) indicates that "[w]e are considering revising our rules regarding our use of the grid rules as a framework for decisionmaking and may rescind this Ruling once we have made the revision," no such revision occurred. *Id.* Some courts have interpreted this comment as expanding the Ruling's applicability. *Allsbury v. Barnhart*, ___ F. Supp. 2d ___, n. 13, 2006 WL 2938851 (E.D.Tex. 2006)("While the ruling is limited to cases within the Third Circuit, it forecasts a potential general revision to the framework concept.").

My research does not reveal any case where the Sixth Circuit has defined "significantly diminish" or "significantly limit" but the Sixth Circuit does appear to require that vocational expert testimony or some other additional evidence is necessary whenever nonexertional limitations are present. In *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987), the Sixth Circuit held that

---

[4]Cited with favor in *Ramos v. Barnhart*, No. 3:01CV1648, 2006 WL 980570 (D. Conn. March 3, 2006).

[5]This Ruling can be found at 2001 WL 65745.

11

"[r]eliance upon the grids in the presence of nonexertional limitations requires reliable evidence of some kind that the claimant's nonexertional limitations do not significantly limit the range of work permitted by his exertional limitations." Several years later, when considering a claimant whose nonexertional limitations were on a similar level as the instant Plaintiff's, specifically where the claimant could only work six hours of each shift and that he required a sit/stand option, the Sixth Circuit noted that the "testimony of a vocational expert was required to satisfy the Secretary's burden of proof regarding availability of jobs which claimant could exertionally handle." *Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1174 (6th Cir. 1990). Therefore, I suggest that the ALJ in the instant case should have considered some kind of evidence, such as vocational expert testimony, to determine the availability of jobs that Plaintiff could actually perform in light of his nonexertional limitations. *Shelman, supra*; *Born, supra*.

As noted, the ALJ in the instant case did not address how the presence of nonexertional limitations affected his decision, i.e., his decision is silent on application of MVR 201.21 in light of Plaintiff's nonexertional limitations. In *Konya v. Barnhart*, 391 F. Supp. 2d 273, 290 (D. Del. 2005), the ALJ had noted the presence of the same occasional postural limitations as the instant Plaintiff and, as here, the ALJ did not indicate whether he found these nonexertional limitations to be insignificant nor did the ALJ give any other reason for his application of MVR 201.28.[6] The court found that "[b]ased on the presence of such nonexertional limitations, the ALJ's determination that plaintiff has the ability to perform the full range of sedentary work is placed in question....without vocational evidence or a rulemaking to establish that these nonexertional limitations do not diminish the occupational base, the ALJ cannot make a determination that such a situation is present." *Konya*, 391 F. Supp. 2d at 290. Therefore, the Court held that the ALJ's

---

[6]As with MVR 201.21, MVR 201.28 also directs a finding of "not disabled."

12

findings were not supported by substantial evidence and remanded the case for further proceedings consistent with its opinion. (*Id.*)

Similarly, in *Iannopollo v. Barnhart*, 280 F. Supp. 2d 41 (W.D.N.Y. 2003), the ALJ neglected to consider nonexertional limitations noted by the department examiner. The Court in *Iannopollo* denied the cross motions for summary judgment and remanded the case for reconsideration of the department examiner's assessment and for vocational expert testimony to be provided. (*Id.* at 51.)

In the instant case, although the department examiner found that Plaintiff was subject to nonexertional limitations, the ALJ failed to mention their existence and did not address whether the nonexertional limitations diminished the occupational base reflected in MVR 201.21or not. Moreover, although the transcript indicates that a Vocational Expert (VE) was available, (Tr. at 188), she was never called to testify. I therefore suggest that the case should be remanded so the ALJ may consider the effect of the nonexertional limitations on Plaintiff's ability to perform the full range of sedentary work as contemplated in MVR 201.21.

This conclusion is buttressed by reference to SSR 83-14[7] which provides the following guidelines:

> In reaching judgments as to the sufficiency of the remaining exertional job base, here are three possible situations to consider:
> 1. Where it is clear that the additional limitation or restriction has very little effect on the exertional occupational base, the conclusion directed by the appropriate rule in Tables No. 1, 2, or 3 would not be affected.
> 2. Where it is clear that additional limitations or restrictions have significantly eroded the exertional job base set by the exertional limitations alone, the remaining portion of the job base will guide the decision.
> 3. Where the adjudicator does not have a clear understanding of the effects of additional limitations on the job base, the services of a VS will be necessary.

---

[7]This Ruling can be found at 1983 WL 31254.

(*Id.*)  I further note that the nonexertional limitations that affect Plaintiff are not among the examples of a "nonexertional impairment which ordinarily has an insignificant effect on a person's ability to work" in a sedentary position, such as an allergy to ragweed pollen, nor are Plaintiff's limitations among the examples of "nonexertional limitations or restrictions which have very little or no effect on the unskilled light occupational base, [such as the] inability to ascend or descend scaffolding, poles, and ropes; inability to crawl on hands and knees; and inability to use the finger tips to sense the temperature or texture of an object [and] [e]nvironmental restrictions, such as the need to avoid exposure to feathers."  *Id.*  As a result, I suggest that remand for the receipt of vocational evidence is necessary.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n. of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be concise, but commensurate in detail

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/ *Charles E. Binder*
                                        CHARLES E. BINDER
Dated: January 10, 2007            United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James A. Brunson and on Mikel E. Lupisella, and on District Judge Thomas L. Ludington in the traditional manner.

Date: January 10, 2007        By    s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder